# CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Harbor Freight Tools USA, Inc.
Tammy Stafford Associate General Counsel
Harbor Freight Tools USA Inc
26677 Agoura Road
Calabasas CA 91302

02/15/2023

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2023-127

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Harbor Freight Tools USA, Inc. |
| 2. | **Title of Action:** | Rhonda Campell vs. Harbor Freight Tools Use Inc, et al. |
| 3. | **Document(s) Served:** | Citation for Petition<br>Notice-Interrogatories/Request for Production of Documents<br>Petition for Damages<br>Request for Notice |
| 4. | **Court/Agency:** | Parish of Ouachita Fourth Judicial District Court |
| 5. | **State Served:** | Louisiana |
| 6. | **Case Number:** | C-20230530 |
| 7. | **Case Type:** | Negligence/Personal Injury |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 02/14/2023 |
| 10. | **Date to Client:** | Wednesday 02/15/2023 |
| 11. | **# Days When Answer Due: Answer Due Date:** | See Notes    <span style="color:red">CAUTION:</span> Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Creed & Creed<br>Monroe, LA<br>318-387-5800 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 191 |
| 16. | **Notes:** | Please review the enclosed documents in order to calculate the response due date.<br>Also Attached:<br>* Interrogatories and Request for Production of Documents |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

**EXHIBIT A**

SERVE

OPC.CV.7499114

# CITATION FOR PETITION

| | |
|---|---|
| **RHONDA CAMPBELL** | **DOCKET NUMBER: C-20230530** |
| VS | SEC CV1<br>ST. TAMMANY |
| **HARBOR FRIEGHT TOOLS USE INC ET AL** | **STATE OF LOUISIANA<br>PARISH OF OUACHITA<br>4TH JDC** |

**HARBOR FRIEGHT TOOLS USE INC ET AL**
**CORPORATE CREATIONS NETWORK INC (REGISTERED AGENT)**
**1070-B WEST CAUSEWAY APPROACH**
**MANDEVILLE, LA 70471**

You are named as a defendant in the above captioned matter. Attached to this citation is a certified copy of: PETITION FOR DAMAGES/REQUEST FOR NOTICE/INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS.

You must either comply with the demand contained in the petition or make and appearance either by filing an answer or other pleading in the Office of the Clerk of this Court at the Ouachita Parish Court House, located at 301 South Grand, Monroe, La 71201 within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his/her answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.

If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30)** days after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

This Citation was issued by the Clerk of Court for Ouachita Parish on the **FEBRUARY 9, 2023**.

OUACHITA PARISH CLERK OF COURT

*Chloé Ellington*

DEPUTY CLERK

**REQUESTED BY: MICHAEL CREIGHTON#29133**



**TRUE COPY**

OPC.CV.7499106

## NOTICE - INTERROGATORIES / REQUEST FOR PRODUCTION OF DOCUMENTS

**RHONDA CAMPBELL**

VS

**HARBOR FRIEGHT TOOLS USE INC ET AL**

**DOCKET NUMBER: C-20230530**
**SEC: CV1**
**STATE OF LOUISIANA**
**PARISH OF OUACHITA**

**FOURTH JUDICIAL DISTRICT COURT**

## ST.TAMMANY PARISH

TO: HARBOR FRIEGHT TOOLS USE INC ET AL
CORPORATE CREATIONS NETWORK INC (REGISTERED AGENT)
1070-B WEST CAUSEWAY APPROACH
MANDEVILLE, LA 70471

YOU ARE HEREBY NOTIFIED by this Honorable Court that INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS were filed on FEBRUARY 8,2023 in the office of the Clerk of Court, Ouachita Parish, Louisiana, a certified copy of which is attached hereto and made a part hereof.

YOU ARE HEREBY REQUESTED AND REQUIRED to
SEE ATTACHED

NOTICE issued by the Clerk of Court for Ouachita Parish, Louisiana, this FEBRUARY 9, 2023.

OUACHITA PARISH CLERK OF COURT

*Chloé Ellington*

Deputy Clerk

REQUESTED BY: MICHAEL CREIGHTON#29133

**TRUE COPY**

2023 FEB 13 P 1:36
RANDY SMITH SHERIFF
RECEIVED
STPSO - CIVIL

Ouachita Parish  C-20230530
Filed Feb 08, 2023 3:32 PM  CV1
Scarlett Allen
Deputy Clerk of Court

## FOURTH JUDICIAL DISTRICT COURT

### PARISH OF OUACHITA

### STATE OF LOUISIANA

**RHONDA CAMPBELL**                                    FILED:_____

**VERSUS NO.:_____**

**HARBOR FREIGHT TOOLS USA, INC, ET AL**        **DEPUTY CLERK**

### PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel comes petitioner, Rhonda Campbell, a person of the full age of majority, who with respect represents to the Court the following:

1.

Made defendant(s) in this petition are the following:

a. Harbor Freight Tools USA, Inc. (hereinafter sometimes referred to as "Harbor Freight") a foreign corporation authorized to do and doing business in the State of Louisiana, having appointed as its agent for service Corporate Creations Network, Inc. 1070-B West Causeway Approach, Mandeville, Louisiana 70471.

b. XYZ service company, the unknown service company that services and maintains the automated sliding door, located at the storefront of Harbor Freight's West Monroe, Louisiana location.

2.

The parties hereto, the subject matter hereof, and all matters and things herein contained are within the jurisdiction of this honorable court.

3.

The wrongful act which injured the petitioner, Rhonda Campbell, occurred on February 9, 2022.

4.

The incident happened at Harbor Freight, located in the City of West Monroe, State of Louisiana.

CLERK OF COURT
OUACHITA PARISH
2023 FEB -8 P 3:29
RECEIVED



Certified True and Correct Copy
CertID: 2023020900029

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
2/9/2023 9:12 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

5.

Immediately prior to the subject incident, the petitioner entered the West Monroe, Louisiana location of Harbor Freight through automated sliding doors and began shopping. Upon locating an item that she desired to come back to purchase, she pushed the shopping cart back to the front of the store. At the time of returning the shopping cart to the front of the store, Petitioner noticed the automated doors remained open. She left the shopping cart at the front of the store and began to exit. Upon exiting the store, suddenly and without warning, the automated sliding doors shut on her body causing petitioner to be thrown to the ground. Petitioner hit the ground on the left side of her body causing a fracture of her left hip, and other physical injuries.

6.

Said automated sliding doors are owned by, in the possession of, and operated by Harbor Freight and are serviced and maintained by Harbor Freight and XYZ service company.

7.

The Defendants, Harbor Freight, and XYZ service company, created, caused, and/or failed to timely remedy the unreasonably dangerous and defective condition of the automated sliding doors in question, which injured the petitioner. The defendants had actual and/or constructive notice of the unreasonably dangerous and defective condition of the automated sliding door in question prior to the time that the unreasonably dangerous and defective condition caused the petitioner to suffer injuries and other damages. The defendants should have timely and properly remedied the hazardous and unreasonably dangerous condition posed by the defective, faulty, and unreasonably dangerous automated sliding doors and/or timely, adequately, and properly warned petitioner of the condition of the automated sliding doors in question, and the defendant is guilty of fault, breach of duties, and negligence.

8.

The defendants, Harbor Freight and/or XYZ service company, had a duty to timely, properly, and adequately warn the Petitioner of the hazardous and unreasonably dangerous condition of the defective, faulty, and unreasonably dangerous automated sliding doors. Harbor Freight had a duty to keep the automated sliding doors in a reasonably safe condition. The defendant Harbor Freight should have taken all reasonable steps to protect petitioner and others


Certified True and Correct Copy
CertID: 2023020900029

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
2/9/2023 9:12 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

from being injured by the unreasonably dangerous, faulty automated sliding doors. Harbor Freight should have ensured that the automated sliding doors were in proper working order before allowing petitioner and others to enter and exit through the unreasonably dangerous, faulty automated sliding doors. Harbor Freight should have restricted access to the automated sliding doors and disabled them from operation until the automated sliding doors were in proper working order. Harbor Freight is liable for all of the injuries and other damages sustained by your petitioner due to the unreasonably dangerous condition of the automated sliding doors.

9.

The defendant XYZ service company had a duty to timely, properly, and adequately warn the Petitioner of the hazardous and unreasonably dangerous condition of the defective, faulty, and unreasonably dangerous automated sliding doors. XYZ service company had a duty to keep the automated sliding doors in a reasonably safe condition. The defendant XYZ service company should have taken all reasonable steps to protect petitioner and others from being injured by the unreasonably dangerous, faulty automated sliding doors. XYZ service company should have ensured that the automated sliding doors were in proper working order before allowing petitioner and others to enter and exit through the unreasonably dangerous, faulty automated sliding doors. XYZ service company should have restricted access to the automated sliding doors and disabled them from operation until the automated sliding doors were in proper working order. XYZ service company is liable for all of the injuries and other damages sustained by your petitioner due to the unreasonably dangerous condition of the automated sliding doors.

10.

The terrible accident, which resulted from the fault, breach of duties and negligence of the defendants, Harbor Freight and/or XYZ service company, caused severe injuries and other damages to the petitioner, Rhonda Campbell.

11.

Your petitioners were completely free from any and all negligence, fault, or breach of duties, which in any manner contributed to her injuries and other damages. Petitioner did not do anything or fail to do anything that caused or in any way contributed to her injuries and other damages. Petitioner will show that the incident caused by the fault, breach of duties, and negligence



Certified True and Correct Copy
CertID: 2023020900029

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
2/9/2023 9:12 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

of the defendant, Harbor Freight and/or XYZ service company, and/or its employees/servants/agents for whose actions/inactions it is vicariously liable.

12.

The fault, breach of duties, and negligence of the defendant, Harbor Freight, and/or its employees/servants/agents for whose actions/inactions it is vicariously liable consists of the following nonexclusive particulars:

- A. Creating or causing the unreasonably dangerous conditions of the automated sliding doors in question, which caused the petitioner to suffer injuries and other damages;
- B. Failing to timely and properly inspect the automated sliding doors and all of its parts prior to the time that the automated sliding doors injured the petitioner;
- C. Failing to timely and properly inspect sensors, guides, belts, rollers, and other parts of the automated sliding doors in question prior to the time that the automated sliding doors injured the petitioner;
- D. Failing to timely and properly repair and maintain the automated sliding doors and all of its parts prior to the time that the automated sliding doors injured the petitioner;
- E. Failing to timely and properly repair the sensors, guides, belts, rollers, and other parts of the automated sliding doors in question prior to the time that the automated sliding doors injured the petitioner;
- F. Creating hazardous and unreasonably dangerous condition without taking all reasonable steps to protect petitioner and others who used the automated sliding doors in question;
- G. Failing to timely and properly remedy a hazardous and unreasonably dangerous condition without taking all reasonable steps to protect petitioner and others who used the automated sliding doors in question;
- H. Failing to restrict access to the unreasonably dangerous automated sliding doors in question and until it was safe for use by the petitioner and others;
- I. Failing to timely and properly take all reasonable steps to remedy the hazardous and unreasonably dangerous condition;



Certified True and Correct Copy
CertID: 2023020900029

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
2/9/2023 9:12 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

J. Failing to timely, properly, and adequately warn petitioners of the hazard posed by the unreasonably dangerous condition that the automated sliding doors in question possessed;

K. Failing to timely and properly place warning signs and/or otherwise warn the petitioner and others of the danger posed by the automated sliding doors in question;

L. Having actual and/or constructive knowledge that the automated sliding doors in question were not in proper working order and unreasonably dangerous and failing to take all reasonable steps to prevent petitioner and others from being injured by the condition of the automated sliding doors in question;

M. Failing to take all reasonable and appropriate actions to avoid the petitioner resulting injuries and other damages;

N. Having actual and/or constructive knowledge that the automated sliding doors in question were not in proper working order and unreasonably dangerous and failing to omit all actions that would have prevented the petitioner from being injured by the condition of the automated sliding doors if those actions had been omitted;

O. Failing to act as a reasonable and prudent person would have acted under same or similar circumstances;

Your petitioner states that each of the above acts or failures to act was the cause-in-fact of the accident and resulting injuries and other damages to your petitioner.

13.

The fault, breach of duties, and negligence of the defendant, XYZ service company, and/or its employees/servants/agents for whose actions/inactions it is vicariously liable consists of the following nonexclusive particulars:

A. Creating or causing the unreasonably dangerous conditions of the automated sliding doors in question, which caused the petitioner to suffer injuries and other damages;

B. Failing to timely and properly inspect the automated sliding doors and all of its parts prior to the time that the automated sliding doors injured the petitioner;


**Certified True and Correct Copy**
CertID: 2023020900029

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
2/9/2023 9:12 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

C. Failing to timely and properly inspect sensors, guides, belts, rollers, and other parts of the automated sliding doors in question prior to the time that the automated sliding doors injured the petitioner;

D. Failing to timely and properly repair and maintain the automated sliding doors and all of its parts prior to the time that the automated sliding doors injured the petitioner;

E. Failing to timely and properly repair the sensors, guides, belts, rollers, and other parts of the automated sliding doors in question prior to the time that the automated sliding doors injured the petitioner;

F. Creating hazardous and unreasonably dangerous condition without taking all reasonable steps to protect petitioner and others who used the automated sliding doors in question;

G. Failing to timely and properly remedy a hazardous and unreasonably dangerous condition without taking all reasonable steps to protect petitioner and others who used the automated sliding doors in question;

H. Failing to restrict access to the unreasonably dangerous automated sliding doors in question until it was safe for use by the petitioner and others;

I. Failing to timely and properly take all reasonable steps to remedy the hazardous and unreasonably dangerous condition;

J. Failing to timely, properly, and adequately warn petitioners of the hazard posed by the unreasonably dangerous condition that the automated sliding doors in question possessed;

K. Failing to timely and properly place warning signs and/or otherwise warn the petitioner and others of the danger posed by the automated sliding doors in question;

L. Having actual and/or constructive knowledge that the automated sliding doors in question were not in proper working order and unreasonably dangerous and failing to take all reasonable steps to prevent petitioner and others from being injured by the condition of the automated sliding doors in question;



Certified True and Correct Copy
CertID: 2023020900029

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
2/9/2023 9:12 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

M. Failing to take all reasonable and appropriate actions to avoid the petitioner resulting injuries and other damages;

N. Having actual and/or constructive knowledge that the automated sliding doors in question were not in proper working order and unreasonably dangerous and failing to omit all actions that would have prevented the petitioner from being injured by the condition of the automated sliding doors, if those actions had been omitted;

O. Failing to act as reasonable and prudent person would have acted under same or similar circumstances.

Your petitioner states that each of the above acts or failures to act was the cause-in-fact of the accident and resulting injuries and other damages to your petitioner.

14.

The defendant, XYZ service company, should have properly serviced and maintained the automated sliding doors in question in a reasonably safe condition. The defendant, XYZ service company, should have timely and properly remedied the hazardous and/or unreasonably dangerous condition and/or warned of its presence so as to prevent the automated sliding doors incident and resulting injuries and damages suffered by the petitioner. The defendant, XYZ service company, is guilty of fault, breach of duties, and negligence.

15.

The defendant, Harbor Freight, should have inspected, maintained, and had an inspection and maintenance plan, including protocols for identifying malfunctions, for the automated sliding doors in question to ensure they were in a reasonably safe condition. The defendant, Harbor Freight, should have timely and properly remedied the hazardous and/or unreasonably dangerous condition and/or warned of its presence so as to prevent the automated sliding doors incident and resulting injuries and damages suffered by the petitioner. The defendant, Harbor Freight, is guilty of fault, breach of duties, and negligence.

16.

The terrible incident caused severe, painful, and disabling injuries to petitioner, Rhonda Campbell which she will continue to suffer from greatly.



**Certified True and Correct Copy**
CertID: 2023020900029

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
2/9/2023 9:12 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

17.

Because your petitioner is not trained in medical terminology, she cannot describe the exact injuries sustained by her in precise medical terms in the same manner as physicians. However, Rhonda Campbell will show that she sustained severe and excruciating injuries to the left side of her body, including a broken/fractured left hip and other generalized aches, pains, abrasions, and busies on her body as a result of this incident.

18.

Due to the injuries sustained during the subject incident, petitioner has suffered past and future loss of household services.

19.

Petitioners state that as a result of this wrongful act caused by the fault, breach of duties, and negligence of the defendants, Harbor Freight and XYZ service company, and/or its employees/servants/agents for whose actions/inactions it is vicariously liable, they have suffered the following damages:

A. Past and future physical pain and suffering as may appear reasonable in the premises;

B. Past and future mental pain and anguish as may appear reasonable in the premises;

C. Past and future physical disability as may appear reasonable in the premises;

D. Past and future loss of enjoyment of life as may appear reasonable in the premises;

E. Past and future humiliation and embarrassment as may appear reasonable in the premises;

F. Past and future physical impairment as may appear reasonable in the premises;

G. Past and future inconvenience as may appear reasonable in the premises;

H. Risk of traumatically induced arthritis as may appear reasonable in the premises;

I. Past and future medical, hospital, doctor, and/or chiropractic bills as may appear reasonable in the premises;

J. Past and future expenses for drugs, medicines, and orthopedic devices as may appear reasonable in the premises;

K. Past and future expenses for physical therapy as may appear reasonable in the premises;

L. Loss of past and future household services as may appear reasonable in the premises.



Certified True and Correct Copy
CertID: 2023020900029

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
2/9/2023 9:12 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

20.

Petitioner's damages exceed the amount allowing for a trial by jury, exclusive of the interest and costs. Petitioner, therefore, requests a jury trial.

21.

Petitioner will be required to call at the trial on the merits, medical experts, liability experts, and other expert witnesses to establish the extent of their injuries and other damages. Petitioner are entitled to have these expenses taxed as additional costs of Court.

WHEREFORE, your petitioner, Rhonda Campbell, prays that:

The defendant, Harbor Freight, be served with a copy of this petition and cited to appear and answer same;

After all legal delays and due to proceedings had, that there be judgment in favor of your petitioner, Rhonda Campbell, and against the defendants, jointly, severally, and in solido, for the total amount of her damages, together with legal interest thereon from the date of judicial demand until paid, together with all costs of these proceedings to include the costs for all expert witnesses of any description, including but not limited medical experts and liability experts; and

For all other relief, both general and equitable, necessary in the premises.

Respectfully submitted,

*Michael Creighton*

MICHAEL R. CREIGHTON, Bar No. 29133
CHRISTIAN CREED, Bar No. 23701
CREED & CREED
1805 Tower Drive
Monroe, LA 71201
(318) 387-5800 / Fax (318) 557-1555
law@creedlaw.com
Attorney for Petitioner

Please Serve:

Harbor Freight Tools USA, Inc
Through its agent for service
Corporate Creations Network, Inc.
1070-B West Causeway Approach
Mandeville, Louisiana 70471

Certified True and Correct Copy
CertID: 2023020900029

*Chloé Ellington*

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
2/9/2023 9:12 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Ouachita Parish
Filed Feb 08, 2023 3:32 PM
Scarlett Allen
Deputy Clerk of Court

C-20230530
CV1

## FOURTH JUDICIAL DISTRICT COURT

### PARISH OF OUACHITA

### STATE OF LOUISIANA

**RHONDA CAMPBELL**                              FILED:_____

**VERSUS NO.:_____**

**HARBOR FREIGHT TOOLS USA, INC**                **DEPUTY CLERK**

### REQUEST FOR NOTICE

NOW INTO COURT, through undersigned counsel comes, Rhonda Campbell, petitioner herein, who requests in accordance with LA. R.S.-CCP Article 1572 that they be given written notice by mail ten (10) days in advance of the date fixed for trial of any hearing of the above-captioned case, whether on exceptions, motions, rules, or the merits. We also request immediate notice of all orders or judgments, whether interlocutory or final, made or rendered in this case upon rendition thereof as provided by LA.R.S.-CCP Article 1913 and 1914, including notice of judgment in the event that this case be taken under advisement, or judgment is not signed at the conclusion of the trial.

Respectfully submitted,

_/s/ Michael Creed_
MICHAEL R. CREIGHTON, Bar No. 29133
CHRISTIAN CREED, Bar No. 23701
CREED & CREED
1805 Tower Drive
Monroe, LA 71201
(318) 387-5800 / Fax (318) 557-1555
creed@creedlaw.com
Attorney for Petitioner

Serve as indicated in the Petition for Damages

Certified True and Correct Copy
CertID: 2023020900030

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
2/9/2023 9:12 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Ouachita Parish
Filed Feb 08, 2023 3:32 PM
Scarlett Allen
Deputy Clerk of Court

C-20230530
CV1

## FOURTH JUDICIAL DISTRICT COURT

## PARISH OF OUACHITA

## STATE OF LOUISIANA

**RHONDA CAMPBELL**                                              FILED:_____

**VERSUS NO.:**_____

**HARBOR FREIGHT TOOLS USA, INC, ET AL**          **DEPUTY CLERK**

### INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

**TO:** Harbor Freight Tools USA, Inc
Through its agent for service
Corporate Creations Network, Inc.
1070-B West Causeway Approach
Mandeville, Louisiana 70471

The plaintiff, **Rhonda Campbell.**, request that the following Interrogatories and Requests for Production of Documents be answered separately, in writing and under oath, within the time prescribed by law, all in accordance with Article 1457, et seq. of the Louisiana Code of Civil Procedure and that the documents requested be produced in accordance with the provisions of Article 1461, et seq. of the Louisiana Code of Civil Procedure at the office of Creed & Creed, 1805 Tower Drive, Monroe, Louisiana 71201:

### INTERROGATORY NUMBER 1:

Please identify the name and address of each individual providing answers or otherwise assisting in the preparation of answers or materials with respect hereto to the Interrogatories and Requests for Production of Documents propounded by plaintiff.

### INTERROGATORY NUMBER 2:

Please state the name and address of any person, including experts, having any knowledge of relevant facts related to the accident which is the basis of this suit, the cause thereof, or damages resulting therefrom.

### INTERROGATORY NUMBER 3:

Please state the name, address and telephone number of any persons who witnessed Rhonda Campbell's February 9, 2022, incident at Harbor Freight store located in West Monroe, Louisiana.



Certified True and Correct Copy
CertID: 2023020900031

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
2/9/2023 9:12 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**INTERROGATORY NUMBER 4:**

Please state the name, address, and telephone number of any potential party to this lawsuit, not already named as a party hereto, including any individual, service technician, and/or company that maintained, serviced, and/or inspected the automated sliding doors in the calendar year leading up to the incident at West Monroe location of Harbor Freight on February 9, 2023. Additionally, for the maintenance, service, and/or inspection of the automated doors that occurred during the one calendar year prior to the subject incident, provide the name address, and telephone number of the individual, service technician, and/or company that performed such and the date and time the maintenance, service, and/or inspection of the automated doors occurred.

**REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 1:**

Produce copies of any and all service tickets, maintenance and service reports, contracts for service or maintenance, and invoices for the five (5) years preceding relating to the subject automated sliding doors.

**INTERROGATORY NUMBER 5:**

Please state whether or not you have a copy of any statements that the plaintiff or any other person made, concerning Rhonda Campbell's February 9, 2022 incident, whether oral, written, or recorded, and state the date of obtaining any such statement or its subject matter and which is in your possession, custody or control.

**REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 2:**

If the answer to the preceding interrogatory is in the affirmative, please produce copies of the statement(s).

**INTERROGATORY NUMBER 6:**

Please state the name, current telephone numbers, and complete addresses of all witnesses, including expert witnesses, you may call or will call to testify at trial of this matter.

**INTERROGATORY NUMBER 7:**

Describe how Rhonda Campbell's February 9, 2022 incident occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the incident, including a statement in detail of the facts or information upon which the defendant's contention is based.



Certified True and Correct Copy
CertID: 2023020900031

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
2/9/2023 9:12 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**INTERROGATORY NUMBER 8:**

Within the past five years, please describe in detail, including dates and times, any previous or subsequent malfunctions and/or defective conditions that existed concerning the automated sliding doors, including but not limited to those that caused any incidents and/or accidents of which the defendant is aware occurred at the West Monroe location of Harbor Freight.

**INTERROGATORY NUMBER 9:**

Was it in the course and scope of business and standard procedure for the defendant to investigate any accidents or incidents on the premises wherein somebody was injured?

**INTERROGATORY NUMBER 10:**

Did the defendant conduct an investigation of Rhonda Campbell's February 9, 2022 incident which forms the basis of this lawsuit?

**REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 3:**

Please produce a copy of any investigation documents and incident/accident report concerning Rhonda Campbell's February 9, 2022 incident.

**INTERROGATORY NUMBER 11:**

Prior to Rhonda Campbell's February 9, 2022 incident, when was the date and time of the last inspection by defendant, its agents, or employees of the automated sliding doors?

**INTERROGATORY NUMBER 12:**

Please state whether the defendant was aware of the condition which plaintiff alleges to be the cause of the occurrence in question before the date and time of Rhonda Campbell's February 9, 2022 incident.

**INTERROGATORY NUMBER 13:**

Describe what efforts the defendant made to warn or repair the condition or defect which Rhonda Campbell alleges to be the location and cause of the February 9, 2022 incident in question related to the automated sliding doors.

**INTERROGATORY NUMBER 14:**

What is the defendant's contention as to the plaintiffs' objective or subjective knowledge before the accident of the defect or condition which Rhonda Campbell alleges to be the cause of the incident in question?
*Chloé Ellington*


Certified True and Correct Copy
CertID: 2023020900031

Ouachita Parish
Deputy Clerk Of Court

Generated Date: 2/9/2023 9:12 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**INTERROGATORY NUMBER 15:**

Please describe what training procedures, if any, are followed in the course of training of defendants' employees with maintenance, service, operation, and/or identifying defective conditions related to the automated sliding doors that we in place on the date and time of the subject February 9, 2022, incident. This includes any and all written material, slides, photographs, films, videotapes, etc. which defendant utilizes in training its employees.

**REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 4:**

Please produce copies of any training procedure material, slides, photographs, films, videotapes, etc. used by the defendant identified in response to interrogatory Number 15.

**INTERROGATORY NUMBER 16:**

If a report was made by any employee of defendant in the ordinary course of business with respect to Rhonda Campbell's February 9, 2022 incident, state the name and address of each person who made the report, the date thereof, and in whose custody it is.

**REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 5:**

Please produce a copy of any reports listed in Interrogatory Number 16.

**INTERROGATORY NUMBER 17:**

Please list any photographs, videos, films, and surveillance that have been taken of Rhonda Campbell's February 9, 2022, incident or of the area where Rhonda Campbell's accident occurred at West Monroe Location of Harbor Freight, this includes the video of the incident itself and the time plaintiff was in or around the location of the store on the date of the incident.

**REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 6:**

Please produce the said photographs, videos or films listed in Interrogatory Number 17.

**INTERROGATORY NUMBER 18:**

Please list the name, address, and cell phone number of employees (identify if they are or are not presently employed by defendant) or independent contractors of Harbor Freight Tools USA, Ince that serviced the West Monroe store location at the time of the February 9, 2022, incident.

Certified True and Correct Copy
CertID: 2023020900031

Chloé Ellington
Ouachita Parish
Deputy Clerk Of Court

Generated Date:
2/9/2023 9:12 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**REQUEST FOR PRODUCTION OF DOCUMENTS NUMBER 7:**

Please provide a certified copy of any liability/general insurance policies, including umbrella or excess policies, that were issued to Harbor Freight Tools USA, Inc, which covered its West Monroe store location and which were in effect on February 9, 2022.

These Interrogatories and Request for Production of Documents are deemed to be continuing and are to be supplemented as additional information becomes available to you, your agents, and/or attorney.

Respectfully submitted,

MICHAEL R. CREIGHTON, Bar No. 29133
CHRISTIAN CREED, Bar No. 23701
CREED & CREED
1805 Tower Drive
Monroe, LA 71201
(318) 387-5800 / Fax (318) 557-1555
creed@creedlaw.com
Attorney for Petitioner

To be served with the Petition for Damages



Certified True and Correct Copy
CertID: 2023020900031

Ouachita Parish
Deputy Clerk Of Court

Generated Date:
2/9/2023 9:12 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

FEB 1 4 2023